1  DAVID HALBERSTADTER (SBN 107033)
   david.halberstadter@kattenlaw.com
2  SALLY WU (SBN 266294)
   sally.wu@kattenlaw.com
3  KATTEN MUCHIN ROSENMAN LLP
   2029 Century Park East
4  Suite 2600
   Los Angeles, CA 90067-3012
5  Telephone: 310.788.4400
   Facsimile: 310.788.4471
6
   Attorneys for Plaintiffs
7  PARAMOUNT PICTURES CORPORATION
   and MELANGE PICTURES LLC
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and MELANGE PICTURES LLC, a Delaware corporation,<br><br>           Plaintiffs,<br><br>     vs.<br><br>INTERNATIONAL MEDIA FILMS, INC., a Nevada corporation,<br><br>           Defendants. | Case No. 2:11-cv-09112-SJO (AJWx)<br><br>**NOTICE OF MOTION AND MOTION BY PLAINTIFFS PARAMOUNT PICTURES CORPORATION AND MELANGE PICTURES LLC FOR PARTIAL JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**(Request for Judicial Notice and Declaration of Sally Wu Filed Concurrently Herewith)**<br><br>Date: March 26, 2012<br>Time: 10:00 a.m.<br>Courtroom: 1<br><br>*Assigned to the Honorable S. James Otero* |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 26, 2012, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the United States District

1  Court for the Central District of California, located at 312 North Spring Street, 2nd
2  Floor, Los Angeles, California, Plaintiffs Paramount Pictures Corporation and
3  Melange Pictures LLC (collectively, "Plaintiffs") will and hereby do move pursuant to
4  Rule 12(c) of the Federal Rules of Civil Procedure for partial judgment on the
5  pleadings against Defendant International Media Films, Inc. ("IMF") with respect to
6  Plaintiffs' First Claim for Relief, which seeks a judicial declaration that IMF owns no
7  United States copyright in the motion picture *La Dolce Vita* (the "Picture"). This
8  Motion is made upon the grounds that IMF is precluded by the doctrine of collateral
9  estoppel from seeking to prove its ownership of any United States copyright in the
10 Picture because:

11      (i) in a previous action for copyright and trademark infringement commenced
12 by IMF in the United States District Court for the Southern District of New York (the
13 "SDNY Action"), the issue of IMF's purported United States copyright ownership of
14 the Picture was an essential element of IMF's *prima facie* case;

15      (ii) that issue is identical to the issue as to which Plaintiffs seek a judicial
16 declaration by its First Claim for Relief in this action;

17      (iii) the issue of IMF's purported United States copyright ownership of the
18 Picture was actually litigated and actually decided (against IMF) in the SDNY Action,
19 in which the district court, among other things, found that IMF was unable to make
20 even a *prima facie* showing of its purported United States copyright ownership of the
21 Picture and granted summary judgment in the defendants' favor; and

22      (iv) the determination of IMF's non-ownership of the United States copyright in
23 the Picture was essential to support the district court's judgment in the SDNY Action.

24      This Motion is based on this Notice of Motion, the accompanying
25 Memorandum of Points and Authorities, the concurrently-filed Request For Judicial
26 Notice, the pleadings, papers and records on file herein, any matter of which the Court
27 may take judicial notice, and such additional evidence and argument as may be
28 presented prior to or at the hearing on this Motion.

1       This Motion is made following the conference of counsel pursuant to Local
2  Rule 7-3. [Declaration of Sally Wu, ¶ 2, Ex. 1.]

4  DATED: February 27, 2012          KATTEN MUCHIN ROSENMAN LLP
                                                   David Halberstadter
                                                   Sally Wu

                                                   By: /s/ David Halberstadter
                                                   David Halberstadter
                                                   Attorneys for Plaintiffs
                                                   PARAMOUNT PICTURES
                                                   CORPORATION and MELANGE
                                                   PICTURES LLC

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................... 1

II.    STATEMENT OF FACTS .......................................................................... 2

       A.    Overview Of The SDNY Action ....................................................... 2

       B.    Overview Of Plaintiffs' Complaint And IMF's Answer ................... 4

III.   APPLICABLE STANDARD OF REVIEW ............................................... 6

IV.    PLAINTIFFS ARE ENTITLED TO JUDGMENT ON THE
       PLEADINGS ON THEIR FIRST CLAIM FOR RELIEF BECAUSE IMF
       IS BARRED BY COLLATERAL ESTOPPEL FROM RELITIGATING
       THE ISSUE OF ITS PURPORTED COPYRIGHT OWNERSHIP OF
       THE PICTURE. .......................................................................................... 7

V.     CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

Allen v. McCurry,
    449 U.S. 90 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) .............................................. 8

Applied Med. Res. Corp. v. U.S. Surgical Corp.,
    352 F. Supp. 2d 1119 (C.D. Cal. 2005) ............................................................. 11

Beckway v. DeShong,
    717 F. Supp. 2d 908 (N.D. Cal. 2010) ................................................................ 9

Curry v. Baca,
    497 F. Supp. 2d 1128 (C.D. Cal. 2007) .............................................................. 6

Dixon v. U.S. Postal Serv.,
    2011 WL 2748615 (N.D. Cal. July 14, 2011) ...................................................... 7

Dworkin v. Hustler Magazine, Inc.,
    867 F.2d 1188 (9th Cir. 1989) ............................................................................. 6

Exhibitors Poster Exchange, Inc. v. Nat'l Screen Serv. Corp.,
    421 F.2d 1313 (5th Cir. 1970) ........................................................................... 10

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,
    499 U.S. 340 (1991) ............................................................................................ 9

First Pacific Bancorp v. Helfer,
    224 F.3d 1117 (9th Cir. 2000) ........................................................................... 10

Grove v. Helena Parking Commission,
    2011 WL 2790205 (D. Mont. 2011) .................................................................... 9

Heliotrope General, Inc. v. Ford Motor Co.,
    189 F.3d 971 (9th Cir. 1999) .......................................................................... 7, 8

In re Gilead Sciences Securities Litigation,
    536 F.3d 1049 (9th Cir. 2008) ........................................................................ 7, 8

In re Palmer,
    207 F.3d 566 (9th Cir. 2000) ............................................................................... 8

Jones v. U.S.,
    446 F.2d 131 (10th Cir. 1972) ............................................................... 10, 11, 12

Lynn v. Friedenthal,
    2011 WL 6960823 (C.D. Cal. Dec. 2, 2011) ....................................................... 7

McKie v. City of Rocklin,
    2010 WL 4688214 (E.D. Cal. 2010) ................................................................... 9

Milne ex rel. Coyne v. Stephen Slesinger, Inc.,
    430 F.3d 1036 (9th Cir. 2005) ............................................................................. 7

Mir v. Little Co. of Mary Hosp.,
    844 F.2d 646 (9th Cir. 1988) ................................................................................ 7

Oregon Natural Desert Ass'n v. United States Forest Service,
    550 F.3d 778 (9th Cir. 2008) ................................................................................ 8

Parklane Hosiery Co. v. Shore,
    439 U.S. 322 99 S. Ct. 645, 58 L.Ed.2d 552 (1979) ........................................... 8

Peck v. C.I.R.,
    904 F.2d 525 (9th Cir. 1990) ....................................................................... 10, 11

Steen v. John Hancock Life Ins. Co.,
    106 F.3d 904 (9th Cir. 1997) .............................................................................. 10

Summit Media LLC v. City of Los Angeles,
    530 F. Supp. 2d 1084 (C.D. Cal. 2008) ............................................................... 6

Van Scoy v. Shell Oil Co.,
    11 Fed. Appx. 847 2001 WL 338071 (9th Cir. 2001) ......................................... 8

Yamaha Corp. of America v. U.S.,
    961 F.2d 245 (D.C. Cir. 1992) ..................................................................... 10, 11

**Other Authorities**

Cal. Prac. Guide: Fed. Civ. Pro. Before Trial,
    § 9:321 at p. 9-105 (The Rutter Group 2011) ...................................................... 6

Cal. Prac. Guide: Fed. Civ. Pro. Before Trial,
    § 9:340 at p. 9-109 ............................................................................................... 6

**Rules**

F.R.C.P. 12(c) ................................................................................................................ 6, 7

**Treatises**

18 Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction § 4416
    (2d ed. 2002) ...................................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Paramount Pictures Corporation and Melange Pictures LLC (collectively, "Plaintiffs") commenced this action to put an end to Defendant International Media Films, Inc.'s ("IMF") ongoing, unauthorized exploitation of the classic Federico Fellini motion picture *La Dolce Vita* (the "Picture") and its ongoing representations to third parties that it is the owner of the exclusive rights to the Picture under United States copyright laws. To that end, Plaintiffs seek, among other forms of relief, a judicial declaration that IMF does not own any United States copyright in the Picture.

By its Answer to the Complaint in this action, IMF continues to claim that it owns the United States copyright in the Picture, and that it had and has the authority to license the exclusive rights of copyright in the Picture (for example, exclusive home video distribution rights) to others. This is not, however, the first time IMF has claimed to own the United States copyright in the Picture in federal court litigation. In fact, this very issue has already been litigated—and decided against IMF—in a copyright (and trademark) infringement action that IMF filed in the United States District Court for the Southern District of New York (the "SDNY Action"). (International Media Films, Inc. v. Lucas Entertainment, Inc., *et al.*, United States District Court for the Southern District of New York Case No. 07 Civ. 1178 (JGK) (filed February 15, 2007.))

It is readily apparent from a review of the court records in the SDNY Action—of which the Court properly may take judicial notice[1] in connection with this motion for partial judgment on the pleadings—that IMF had a full and fair opportunity in the

---

[1] Certain of the records from the SDNY Action – specifically, the district court's Memorandum Opinion and Order granting summary adjudication in favor of the defendants and the district court's Judgment – are attached as exhibits to the Complaint, and are properly considered in connection with this Motion. Out of an abundance of caution, however, Plaintiffs also have requested that this Court take judicial notice of these records from the SDNY Action, as well as certain additional court records from the SDNY Action, such as IMF's original Complaint.

1

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - BY PLAINTIFFS**
**CASE NO. CV11-09112-SJO (AJWX)**

SDNY Action (and, as the plaintiff seeking to assert its supposed copyright rights, every incentive) to prove its purported ownership of the United States copyright in the Picture. In connection with a summary judgment motion filed by the defendants in the SDNY Action that put IMF's copyright ownership claim squarely at issue, the district court determined that IMF had failed to make even a *prima facie* showing of its ownership of the United States copyright in the Picture and, based upon that conclusion, granted summary judgment against IMF.

Notwithstanding the fact that judgment was entered against IMF in the SDNY Action (a judgment from which IMF admits that it did not appeal), IMF nevertheless continues to act as if it owns the United States copyright in the Picture, thereby necessitating the present litigation.

The issue of IMF's alleged ownership of the United States copyright in the Picture was actually litigated by IMF in the SDNY Action, where the district court determined that IMF did not own the United States copyright in the Picture. The district court in the SDNY Action entered judgment against IMF and in favor of the defendants based specifically upon its finding that IMF did not own the United States copyright in the Picture. Based upon these facts and, as a matter of well-established law, IMF is not entitled to "another bite at the apple" (that is, another opportunity to attempt to prove its ownership of the United States copyright in the Picture). Based on the doctrine of collateral estoppel, which applies here as demonstrated below, Plaintiffs respectfully ask this Court to grant partial judgment on the pleadings in their favor with respect to their First Claim for Relief.

## II. STATEMENT OF FACTS

### A. Overview Of The SDNY Action

On February 15, 2007, IMF commenced the SDNY Action against defendants Lucas Entertainment, Inc., Lucas Distribution, Inc. and Michael Lucas (collectively, the "Lucas Defendants"). [Request for Judicial Notice ("RJN"), Ex. 1-SDNY Complaint.] IMF claimed that by producing and distributing a pornographic motion

picture entitled "Michael Lucas' La Dolce Vita," the Lucas Defendants had infringed upon IMF's United States copyright in the Picture.[2] The lynchpin of IMF's copyright claim was the allegation that IMF was the exclusive United States copyright owner of the Picture. [RJN, Ex. 1–SDNY Complaint at ¶¶ 1-2, 62, 68, 78-79.] IMF sought monetary damages, including the profits the Lucas Defendants derived from the pornographic picture, and injunctive relief.

In its answer to IMF's complaint in the SDNY Action, the Lucas Defendants denied IMF's ownership of the United States copyright in the Picture and asserted affirmative defenses, including IMF's lack of standing and defective/improper copyright registrations. [RJN, Ex. 2-Lucas Answer at ¶¶ 2, 16, 23.]

The Lucas Defendants eventually moved for summary judgment in the SDNY Action on all of IMF's claims. In connection with the copyright infringement claim, the Lucas Defendants asserted, among other things, that IMF could not demonstrate the existence of a triable issue of fact as to its copyright ownership of the Picture, much less prove its ownership thereof. [RJN, Ex. 3-Mem. Opinion & Order at p. 2.] IMF had a full opportunity to oppose – and, indeed, aggressively opposed – the Lucas Defendants' motion, in connection with which it offered numerous exhibits that purported to establish IMF's United States copyright ownership of the Picture.

On March 31, 2010, the district court in the SDNY Action granted the Lucas Defendants' summary judgment motion, making the following essential findings in its Memorandum Opinion and Order (the "SDNY Order") with respect to IMF's claim of ownership of the United States copyright in the Picture:

- IMF failed to establish with admissible evidence the first of the four critical links in its purported chain-of-title to the United States copyrights

---

[2] In addition to the copyright claim, IMF asserted against the Lucas Defendants claims of trademark infringement and dilution under the Lanham Act and trademark infringement, injury to business reputation, and unfair competition in violation of New York state law. [RJN, Ex. 1-SDNY Complaint at ¶¶ 73-76; Ex. 3-Mem. Opinion & Order at p. 1.]

3

MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - BY PLAINTIFFS
CASE NO. CV11-09112-SJO (AJWX)

in the Picture because (1) it could offer no evidence from any witness with personal knowledge of the transfer and (2) the photocopy of a purportedly certified copy of this first transfer was not admissible because genuine questions had been raised regarding its authenticity [RJN, Ex. 3-Mem. Opinion & Order at pp. 16-19];

- IMF failed to establish with admissible evidence the second and third critical links in its purported chain of title, as well, because (1) no originals were proffered, and (2) IMF had failed to satisfactorily address the Lucas Defendants' evidence raising questions as to the authenticity of the proffered copies [Id. at pp. 19-21];

- The Lucas Defendants had produced evidence of a conflicting chain-of-title to the Picture culminating in ownership by Paramount and, although the Lucas Defendants did not have to prove that Paramount is the owner of the copyright, such evidence added weight to the argument that IMF cannot prove its ownership to the Picture [Id. at pp. 21-22]; and,

- IMF failed to show that it has sufficient admissible evidence from which a reasonable fact finder could conclude that it was the copyright owner of the Picture [Id. at p. 22].

[RJN, Ex. 3-Mem. Opinion & Order at p. 26.][3]

Judgment was entered in the SDNY Action against IMF on March 31, 2010. [RJN, Ex. 4-Civil Judgment.] IMF did not appeal from the Judgment. [Answer at ¶ 21, ECF No. 12.]

**B.     Overview Of Plaintiffs' Complaint And IMF's Answer**

Plaintiffs filed their Complaint on November 2, 2011 (the "Complaint"), asserting five causes of action against IMF. Therein, Plaintiffs allege that IMF has

---

[3] The district court also granted summary judgment in favor of the Lucas Defendants on the federal trademark claim and declined to exercise supplemental jurisdiction over the remaining state law claims. [RJN, Ex. 3-Mem. Opinion & Order at pp. 23-24.]

4

1 represented to the public and to third parties that it is the exclusive owner of all rights
2 in the Picture, including the United States copyright therein.

3       Examples of IMF's ongoing assertion of its purported United States copyright
4 ownership of the Picture include (i) the sending of numerous "cease and desist" letters
5 to both Paramount and a number of theatrical exhibitors and organizations to which
6 Paramount had licensed the right to exhibit the Picture theatrically, (ii) the sending of
7 cease and desist letters to Paramount's distributor of films in non-theatrical markets
8 (such as college campuses, cruise ships, parks and museums), (iii) the sending of still
9 more cease and desist letters to both Paramount and to certain entertainment
10 companies that obtained from Paramount the nonexclusive right to include one or
11 more clips from the Picture into their own entertainment works, (iv) the purported
12 granting of the exclusive right to distribute the Picture in home video formats to third
13 party licensee, Koch-Lorber Films ("Koch") and (v) after Koch was acquired by E1
14 Entertainment ("E1"), the purported granting to E1 of expanded and additional rights
15 to distribute the Picture.[4]

16       By their First Claim for Relief, Plaintiffs seek a judicial determination that IMF
17 owns no United States copyrights in the Picture.  The Complaint expressly alleges that
18 "IMF continues to claim to the public that it is the exclusive owner of all United
19 States copyright rights in the Picture."  [Complaint at ¶ 29, ECF No. 1.]

20       By its Answer, IMF readily admits that it has claimed to be the owner of United
21 States copyright in the Picture, that it licensed to Koch the right to distribute the
22 Picture in the United States, and that it granted expanded rights to E1.  IMF further

---

[4] The Complaint also alleges that even after summary judgment was granted against IMF in the SDNY Action, IMF continued to act as though it was the United States copyright owner of the Picture, as though this issue had not been adjudicated in the Lucas Defendants' favor.  Among other things, IMF continues to identify the Picture as one of the films in its library; and it continues to represent to the public that it owns or controls the rights to the Picture throughout the world except for Italy and France, and that it holds these rights in perpetuity.  In addition, IMF apparently is developing a Broadway musical based upon the Picture; and it continues to cause the Picture to be distributed in DVD format, in connection with which it prominently claims copyright ownership of the Picture. [Complaint, ¶¶ 22-26.]

Case 2:11-cv-09112-SJO-AJW   Document 20   Filed 02/27/12   Page 12 of 19   Page ID #:190

admits that it commenced the SDNY Action, that summary judgment was granted in the Lucas Defendants' favor in the SDNY Action and that IMF did not appeal from that judgment. IMF also admits that following the entry of judgment in the SDNY Action, it has continued to claim and exercise rights in the Picture. [Answer at ¶¶ 14, 16-22, ECF No. 12.] IMF's principal defense of its conduct appears to be that it is entitled to continue asserting and exercising rights in the Picture because the SDNY Judgment "did not constitute any final adjudication of copyright rights in the Picture." [Answer, at ¶ 21.][5]

### III.     APPLICABLE STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)") provides that any party (a plaintiff or a defendant) may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c); Schwarzer et. al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 9:321 at p. 9-105 (The Rutter Group 2011). A motion for judgment on the pleadings properly may be directed to individual claims for relief rather than the entire pleading.[6]

The standards governing a Rule 12(c) motion are essentially the same as those governing a Rule 12(b)(6) motion. See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). The court may consider not only the allegations of the operative pleadings, but also any exhibits that have been attached to the pleadings and any other material of which a court properly may or must take judicial notice. Summit Media LLC v. City of Los Angeles, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008)

---

[5]     IMF also asserted no fewer than 20 separate affirmative defenses, though none appears to be directed specifically to the First Claim for Relief.

[6]     Rule 12(c) does not expressly provide for or prohibit the filing of a motion for judgment on the pleadings that is directed to less than the entire complaint or answer, but it is the common practice to permit motions for "partial judgment." See Schwarzer et. al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 9:340 at p. 9-109 (noting that it is the practice of many courts to permit "partial" judgment on the pleadings); see, e.g., Curry v. Baca, 497 F. Supp. 2d 1128, 1130-1131 (C.D. Cal. 2007) ("While Rule 12(c) . . . does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action").

(holding that documents attached to the complaint and incorporated by reference are properly considered in a Rule 12(c) motion) (citation omitted).[7]  "A judgment on the pleadings is properly granted when, taking all the allegations in the [non-moving party's] pleadings as true, the moving party is entitled to judgment as a matter of law." Milne ex rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir. 2005).

In considering a motion for judgment on the pleadings, however, a court is not required to accept as true allegations in the non-moving party's pleading that contradict matters set forth in attached exhibits or in materials properly subject to judicial notice. Heliotrope General, Inc. v. Ford Motor Co., 189 F.3d 971, 981 (9th Cir. 1999); In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead, supra, 536 F.3d at 1055.

## IV. PLAINTIFFS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS ON THEIR FIRST CLAIM FOR RELIEF BECAUSE IMF IS BARRED BY COLLATERAL ESTOPPEL FROM RELITIGATING THE ISSUE OF ITS PURPORTED COPYRIGHT OWNERSHIP OF THE PICTURE.

As indicated above, IMF admits by its Answer that the pleadings and filings in the SDNY Action are a matter of public record and asserts that those public records "speak for themselves." [Answer, ¶¶ 18-21.] These public records evidence that the issue of IMF's purported ownership of the United States copyright in the Picture was

---

[7] Taking judicial notice of matters of public record outside the pleading does not convert a motion for judgment on the pleadings into one for summary judgment. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (quoting MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of motion to dismiss filed in separate suit in deciding motion to dismiss)); see also Lynn v. Friedenthal, 2011 WL 6960823, at *4-5, 9 (C.D. Cal. Dec. 2, 2011) (taking judicial notice of temporary order issued in state court in granting motion for judgment on pleadings); Dixon v. U.S. Postal Serv., 2011 WL 2748615, at *3 (N.D. Cal. July 14, 2011) (a "court may take judicial notice of motions and memoranda filed in a different lawsuit, as well as the plaintiff's prior complaints and the orders dismissing them").

fully and fairly litigated in the SDNY Action, decided <u>against</u> IMF and that judgment was entered in favor of the defendants based upon IMF's failure to establish its copyright ownership of the Picture. IMF is barred by collateral estoppel from relitigating this issue.[8]

The doctrine of collateral estoppel (also referred to as "issue preclusion") prevents an issue from being relitigated when the identical issue actually has been litigated and decided on the merits in a prior action, and its determination was necessary to the judgment in the prior action. <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 327 n. 5, 99 S. Ct. 645, 58 L.Ed.2d 552 (1979). Collateral estoppel must be applied when: (1) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the prior action;[9] (2) there was a full and fair opportunity to litigate the issue in the prior action and the issue was actually litigated; and, (3) the issue was lost as a result of a final judgment in that action. <u>In re Palmer</u>, 207 F.3d 566, 568 (9th Cir. 2000).

Moreover, the doctrine of collateral estoppel properly may be applied on a motion for judgment on the pleadings. <u>See, e.g.</u>, <u>Oregon Natural Desert Ass'n v. United States Forest Service</u>, 550 F.3d 778, 779 (9th Cir. 2008) (defendant properly moved for judgment on the pleadings on the ground that the plaintiff's claim was barred by collateral estoppel); <u>Van Scoy v. Shell Oil Co</u>., 11 Fed. Appx. 847, 850-851, 2001 WL 338071 (9th Cir. 2001) (defendants properly moved for judgment on the

---

[8] To the extent that IMF's Answer attempts to characterize the SDNY Order as something other than a determination of IMF's non-ownership of copyright rights in the Picture – for example, describing it as "a mere evidentiary ruling" and claiming that the SDNY Order "did not constitute any final adjudication of copyright rights" [Answer, ¶ 21] – this Court properly may disregard those allegations if it finds them to be "merely conclusory" or contradicted by the SDNY Order itself. <u>Heliotrope General</u>, supra, 189 F.3d at 981; <u>In re Gilead</u>, supra, 536 F.3d at 1055.

[9] It is well-settled that nonmutual collateral estoppel may be used "offensively" against the party who lost the decided issue in the first case. <u>See</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94-95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) ("[T]he Court has eliminated the requirement of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal-court suits, and has allowed a litigant who was not a party to a federal case to use collateral estoppel "offensively" in a new federal suit against the party who lost on the decided issue in the first case").

8

pleadings on the grounds of collateral estoppel, res judicata and stare decisis and district court correctly granted the motion on those grounds).[10]

As demonstrated below, the SDNY Order and Judgment satisfy each of the requirements for application of the doctrine of collateral estoppel.

First, there is no question that IMF commenced the SDNY Action and, thus, was a party to that action.

Second, there also can be no dispute that the issue of IMF's copyright ownership of the Picture was actually litigated in the SDNY Action and that IMF was afforded a full and fair opportunity to litigate the issue. By asserting a claim against the Lucas Defendants for copyright infringement, IMF put its ownership of those rights squarely at issue. One of the essential elements of a claim of copyright infringement is, of course, the plaintiff's ownership of one or more of the exclusive rights of copyright in the allegedly infringed work. <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 360 (1991). The Lucas Defendants' summary judgment motion directly challenged this element of IMF's *prima facie* case. Their motion asserted both that IMF could not demonstrate its ownership of United States copyright in the Picture and that the United States copyright in the Picture was owned by another party (Paramount). [RJN, Ex. 3-Mem. Opinion & Order at p. 15, 21-22.] The 26-page SDNY Order reflects: (1) that IMF offered extensive evidence to demonstrate its copyright ownership of the Picture; (2) that the district court in the SDNY Action meticulously considered and examined that evidence; and (3) that the district court ultimately concluded as a matter of undisputed fact and law that IMF had failed to make even a *prima facie* showing of its United States copyright ownership of the Picture.

---

[10] See also <u>Beckway v. DeShong</u>, 717 F. Supp. 2d 908, 921 (N.D. Cal. 2010) (motion for judgment on the pleadings granted on grounds of collateral estoppel); <u>McKie v. City of Rocklin</u>, 2010 WL 4688214 at *3 (E.D. Cal. 2010) (each element necessary for collateral estoppel is met and motion for judgment on the pleadings is granted); <u>Grove v. Helena Parking Commission</u>, 2011 WL 2790205 at *5 (D. Mont. 2011) (motion for judgment on the pleadings granted on grounds of collateral estoppel).

These facts amply demonstrate that IMF had a full and fair opportunity to litigate the issue of its copyright ownership of the Picture in the SDNY Action and that the issue was actually litigated. See Steen v. John Hancock Life Ins. Co., 106 F.3d 904, 912 (9th Cir. 1997) (finding that a party who had participated in motion that led to judgment in prior action "received 'actual, full, and fair litigation' of the issue" at stake in the present action).[11]

In its Answer to the Complaint, IMF seeks to mischaracterize and diminish the legal significance of the SDNY Order and Judgment, alleging that "the SDNY Order, inter alia, was based upon a mere evidentiary ruling, and did not constitute any final adjudication of copyright rights in the Picture that Plaintiffs purport to trumpet." [Answer, ¶ 21.] In fact, collateral estoppel is supposed to apply in exactly such a situation; i.e., where a party loses a claim or defense on its merits because it failed to submit the requisite proof in support of that claim or defense (whether that failure of proof is due to the inadmissibility of proffered evidence or for other reasons). What matters in this case is that IMF failed to offer sufficient proof of its purported copyright ownership of the Picture, the district court entered judgment in favor of the Lucas Defendants based on IMF's lack of copyright ownership, and that this judgment is final.

A litigant is not entitled to a "second bite at the apple" merely because it failed to meet its burden of proof in the first action. See e.g., Peck v. C.I.R., 904 F.2d 525, 530 (9th Cir. 1990) (quoting Jones v. U.S., 446 F.2d 131, 136 (10th Cir. 1972)); see also, Yamaha Corp. of America v. U.S., 961 F.2d 245, 255 (D.C. Cir. 1992)

---

[11] The "actually litigated" requirement for collateral estoppel is fully satisfied when, as in the SDNY Action, the relevant issue is decided on summary judgment. See Steen, supra, 106 F.3d at 912 (9th Cir. 1997) (determination of an issue on "a motion for summary judgment is sufficient to satisfy the 'litigated' requirement for collateral estoppel"); First Pacific Bancorp v. Helfer, 224 F.3d 1117, 1128 (9th Cir. 2000) (rejecting argument that prior action should not be given preclusive effect because it was disposed of on summary judgment). In fact, the Fifth Circuit has observed: "It would be strange indeed if a summary judgment could not have collateral estoppel effect. . . . Indeed, a more positive adjudication is hard to imagine." Exhibitors Poster Exchange, Inc. v. Nat'l Screen Serv. Corp., 421 F.2d 1313, 1319 (5th Cir. 1970).

1  ("Preclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first"); Applied Med. Res. Corp. v. U.S. Surgical Corp., 352 F. Supp. 2d 1119, 1125 (C.D. Cal. 2005) (quoting Yamaha and granting partial summary judgment in favor of plaintiff on ground that the defendant was collaterally estopped from relitigating issue of patent's validity).  As the leading treatise on federal practice succinctly states:  "As the most basic illustration, preclusion cannot be avoided by offering in admissible form evidence that was excluded from the first action."  18 Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction § 4416 (2d ed. 2002) (collecting cases).

In Peck, taxpayers were collaterally estopped from relitigating the propriety of certain tax deductions taken in connection with a lease of property.  The deductions were found by the tax court in a prior action to be improperly calculated.  Peck, 904 F.2d at 526.  The second action arose after the taxpayers computed their deductions in the same manner that was deemed improper in the first action.  The taxpayers asserted, among other things, that they were not bound by the first action because it was based on their failure to meet their burden of persuasion.  The taxpayers cited a tax court decision in which the court did not apply collateral estoppel where the first action turned on the failure of proof.  Id. at 530.  The Ninth Circuit expressly rejected the tax court decision cited by the taxpayers as not supported by the purposes of collateral estoppel.  Instead the Ninth Circuit followed the position of the Tenth Circuit in Jones v. U.S., 466 F.2d 131, 136 (10th Cir. 1972), in which that appellate court stated:

> If the taxpayers' case was not effectively presented at the first trial it was their fault; affording them a second opportunity in which to litigate the matter, with the benefit of hindsight, would contravene the very principles upon

which collateral estoppel is based and should not be allowed.[12]

Third and finally, the district court's finding that IMF did not own the United States copyright to the Picture was indisputably essential to its judgment in favor of the Lucas Defendants. The SDNY Order makes clear that IMF's claims for copyright (and trademark) infringement were summarily adjudicated against IMF and in favor of the Lucas Defendants on the grounds that IMF had failed to demonstrate its purported copyright ownership of the Picture. (Based on this conclusion, the district court in fact considered it unnecessary to decide any of the Lucas Defendants' additional arguments in favor of summary judgment.) [RJN, Ex. 3-Mem. Opinion & Order at p. 22, fn. 3.] And the district court's Judgment dismissing IMF's copyright (and trademark) claims was expressly based on "the reasons stated in the Court's Memorandum Opinion and Order dated March 31, 2010" (i.e., the SDNY Order). [RJN, Ex. 4–Civil Judgment.]

## V.  CONCLUSION

The doctrine of collateral estoppel precludes IMF from relitigating issues that were adjudicated in the prior action. IMF voluntarily initiated the SDNY Action and therein put its ownership of the United States copyright in the Picture squarely at issue. The public record evidences that IMF had a full and fair opportunity to demonstrate that it owned these rights; that the Lucas Defendants challenged IMF's copyright ownership of the Picture on motion for summary judgment; and that the district court in the SDNY Action found as a matter of undisputed fact and law that IMF had failed to demonstrate any such ownership.

Plaintiffs' First Claim for Relief seeks a judicial declaration from this Court that IMF owns no United States copyright in the Picture; i.e., the exact issue that was

---

[12] The Tenth Circuit in Jones further observed that while there could be "a lingering question whether the party might have succeeded in proving his point if he had only been given a second chance at producing evidence," that question "is not sufficient to outweigh the extremely important policy underlying the doctrine of collateral estoppel–that litigation of issues at some point must come to an end." Id.

12
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - BY PLAINTIFFS
CASE NO. CV11-09112-SJO (AJWX)

adjudicated in the SDNY Action. IMF cannot relitigate this issue in the present action; accordingly, pursuant to the doctrine of collateral estoppel, this Court must grant judgment in favor of Plaintiffs on this claim for relief.

For all the foregoing reasons, Plaintiffs respectfully ask this Court to grant its motion for judgment on the pleadings in favor of Plaintiffs as to the First Claim for Relief.

DATED: February 27, 2012

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP
David Halberstadter
Sally Wu

By: /s/ David Halberstadter
David Halberstadter
Attorneys for Plaintiffs
PARAMOUNT PICTURES CORPORATION and MELANGE PICTURES LLC